**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCIS HERNANDEZ RIVERA, AKA Francis River,<br><br>        Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   19-72051<br><br>Agency No. A208-121-631<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2021**
Pasadena, California

Before: BYBEE and BENNETT, Circuit Judges, and BATAILLON,*** District Judge.

---

       *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       **      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

       ***     The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

Petitioner Francis Hernandez-Rivera, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) decision denying his motion to reopen and affirming the Immigration Judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

1.	Hernandez-Rivera argues that his Notice to Appear (NTA) was defective—thus depriving the IJ of jurisdiction—for listing the date and time as "[t]o be set." We reject this argument as contrary to our established law. We have consistently applied the rule that an NTA lacking in date, time, or location information does not deprive the IJ of jurisdiction. *Aguilar Fermin v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020)*; Karingithi v. Whitaker*, 913 F.3d 1158, 1161–62 (9th Cir. 2019).

2.	The IJ's denial of relief turned on its determination that Hernandez-Rivera was not credible. We review the adverse credibility determination for substantial evidence. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). The IJ's adverse credibility determination was based on specific and cogent reasons. The IJ noted that Hernandez-Rivera's testimony, Form I-589, and declaration were inconsistent with respect to the age at which gang threats began and whether someone named Felipe was present during a specific altercation. The IJ also

2

pointed to Hernandez-Rivera's demeanor when confronted with the inconsistency, stating that he became "very tense and nervous as he described his heart beating fast." While Hernandez-Rivera offered explanations for the inconsistencies and his demeanor, the IJ was not required to accept these explanations, and the record does not "compel[] a contrary result." *Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir. 2010) (quoting *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007)).

3.       Hernandez-Rivera also argues that his due process rights were violated when the IJ admitted into evidence his Form I-213 without giving him an opportunity to cross-examine the preparing officer. A petitioner's right to due process in removal proceedings is violated "only if [1] the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case and [2] . . . the alleged violation prejudiced his . . . interests." *Mendez-Garcia v. Lynch*, 840 F.3d 655, 665 (9th Cir. 2016) (cleaned up) (quoting *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011)). Assuming, without deciding, that the IJ erred, Hernandez-Rivera has failed to establish prejudice. None of the facts on which the IJ rested his adverse credibility determination is addressed by the Form I-213, and Hernandez-Rivera does not allege that the preparing officer had information relevant to those facts. *See Pagayon v. Holder*, 675 F.3d 1182, 1191–92 (9th Cir. 2011) (finding no due process violation when the court could

3

"find no connection between the additional evidence and the outcome of the proceeding").

**PETITION DENIED.**